UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**RECEIVED**
FEB 21 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Anthony Olive

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Wexford Health Sources Inc.,
? colgan-valdez,
? Dominguez
Mike Trunink
Louis Shucker

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

12 C 50 0 65

Case No: _____
(To be supplied by the <u>Clerk of this Court</u>)

**CHECK ONE ONLY:**

✓     COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

_____     COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

_____     OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: Anthony Olive B45286

   B. List all aliases: N/A

   C. Prisoner identification number: B45286

   D. Place of present confinement: Dixon Correctional Center

   E. Address: 2600 N. Brinton Ave, Dixon, Illinois 61021

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A. Defendant: Wexford Health Sources Inc.

   Title: Health care professionals and Services to Correctional facilities in Illinois.

   Place of Employment: Dixon Correctional center / Illinois Department of Corrections

   B. Defendant: ? Colgan-Valdez

   Title: Nurse practitioner

   Place of Employment: Dixon Correctional Center / Wexford Health Sources Inc.
   Is being sued in her individual capacity.

   C. Defendant: ? Dominguez

   Title: Doctor / Nurse practitioner

   Place of Employment: Dixon Correctional Center / Wexford Health Sources Inc.
   Is being sued in her individual capacity.

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

   D. Defendant: Mike Trunink
   Title: Physical Therapist
   Place of Employment: Dixon Correctional Center / Wexford Health Sources Inc.
   Is being sued in his individual capacity.

   2

   E. Defendant: Louis Shicker
   Title: Medical Director for entire IDOC
   Place of Employment: IDOC Springfield office / Wexford Health Sources Inc.
   Is being sued in his individual capacity.

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (✓) NO ( ) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (✓) NO ( )

C. If your answer is **YES**:

1. What steps did you take? Filed grievance on first level, Second level and third level.

2. What was the result? on each level plaintiff was denied adequate medical care and/or plaintiff's grievance issues.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.) Denied

D. If your answer is **NO**, explain why not: N/A

E. Is the grievance procedure now completed? YES (✓) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( ) N/A

G. If your answer is **YES**:

    1. What steps did you take?
    N/A

    2. What was the result?
    N/A

H. If your answer is **NO**, explain why not:
    N/A

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: Anthony Olive, Plaintiff, v. Wexford Corporation et al; case number 11-50208

B. Approximate date of filing lawsuit: July 2011

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Anthony Olive

D. List all defendants: Wexford Corporation, T. Carter and Louis Shicker

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District

F. Name of judge to whom case was assigned: Philip G. Reinhard

G. Basic claim made: Denial of Medical care

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Appealed. in the United States court of Appeals for the seventh circuit; case no 11-3005

I. Approximate date of disposition: Pending

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

- case and docket number -
A - Anthony Olive vs. Michael P. Randle; 10-MR-243    B - Approximate filing date - April 12, 2010
C - plaintiffs -
    Anthony Olive
                                                      D - defendants -
                                                          Michael P. Randle
E - court filed in -
    Sangamon County
                                                      F - name of Judge assigned -
                                                          Pete Cavanagh
G - Basic claim -
    Injunctive relief
                                                      H - disposition -
                                                          Appealed / dismissed
I - Date of Disposition -
    November 2010 / N/A

- case and docket number -
A - Anthony Olive vs. Roger E. Walker Jr.; 08-MR-290    B - Approximate filing date - May 2008
C - plaintiffs -
    Anthony Olive
                                                        D - defendants -
                                                            Roger E. Walker Jr; Jonathan Walls; Tara Goins, Karen Wear and Brian Fairchild.
E - court filed in -
    Sangamon County
                                                        F - name of Judge assigned -
                                                            Pete Cavanagh
G - Basic claim
    violation of due process
                                                        H - disposition
                                                            Appealed / dismissed
I - Date of Disposition -
    September 21, 2010 / N/A

- case and docket number -
A - Anthony Olive vs. Roger E. Walker Jr; 07-MR-18    B - Approximate filing date - October 2, 2007
C - plaintiffs -
    Anthony Olive
                                                      D - defendants -
                                                          Roger E. Walker Jr., Yolande Johnson; Danny Hartline
E - court filed in -
    Perry County
                                                      F - Judge assigned -
                                                          Richard Brown
G - Basic claim -
    due process
                                                      H - Disposition -
                                                          Appealed / Dismissed
I - Date of disposition -
    June 12, 2009 / N/A

- case and docket number -
A - Anthony Olive vs. Roger E. Walker Jr; 07-MR-405    B - Approximate filing date - July 17, 2007
C - plaintiffs -
    Anthony Olive
                                                       D - defendants -
                                                           Roger E. Walker Jr., Max Butler; Angela Winsor
E - court filed in -
    Sangamon County
                                                       F - Judge assigned -
                                                           Leslie Graves
G - Basic claim -
    due process
                                                       H - Disposition -
                                                           Appealed / Dismissed
I - Date of Disposition -
    March 8, 2010 / N/A

- case and docket number -
A - Anthony Olive vs. Roger E. Walker Jr; 08-MR-57    B - Approximate filing date - February 6, 2008
C - plaintiffs -
    Anthony Olive
                                                      D - defendants -
                                                          Roger E. Walker Jr.; Brian Fairchild; Michael Chapin; Cornealious Sanders
E - court filed in -
    Sangamon County
                                                      F - name of Judge -
                                                          Leo Zappa
G - Basic claim -
    Due process
                                                      H - disposition -
                                                          Appealed / dismissed
I - Date of Disposition -
    September 2010 / dismissed

- case and docket number -
A - Anthony Olive vs. Hopkins; 09-MR-32    B - Approximate filing date - January 2010
C - plaintiffs -
    Anthony Olive
                                           D - defendants -
                                               Robert M. Hopkins; George W. Timberlake
E - court filed in -
    Crawford County
                                           F - name of Judge assigned -
                                               N/A
G - Basic claim -
    Due process
                                           H - disposition -
                                               N/A
I - Date of Disposition -
    N/A

- case and docket number -
A - Anthony Olive v. Rod Blagojevich; 09-MR-34      B - Approximate filing date - February 2009
- plaintiffs -                  - Defendants -
C - Anthony Olive    D - R. Blagojevich; P. Quinn; R. Walker; J. Burke; L. Sims; S. Johnson; D. Ryker; M. Hodge; J. Campanella; J. Henton; R. Goins; S. Duncan; S. Ashcraft; K. Dyke; R. Nielsen; P. Moran; IDOC; Attorney General; L. Madigan; S. Lynch; Fegnolio; W. Elyea; Wexford Health Sources
E - Court filed in - Lawrence County    F - Judge assigned - Robert M. Hopkins
G - Basic claim - due process/medical care    H - Disposition - Pending
I - Date of disposition - Pending

- case and docket number -
A - Anthony Olive v. Roger E. Walker; 06-1028    B - Approximate filing date - January 2006
- plaintiffs -                  - Defendants -
C - Anthony Olive    D - Roger E. Walker; Barbara Hurt; Jackie Miller; Richard Birkey; Bruce Fisher; Anita Slaughter; Eric Welch; Joseph Yurkovich
E - Court filed in - Central District    F - Judge assigned - Harold Baker
G - Basic claim - due process/retaliation    H - Disposition - Appeal dismissed
I - Date of disposition - April 2010

- case and docket number -
A - Anthony Olive v. Donald N. Snyder; 02-945-WDS    B - Approximate filing date - March 2002
- plaintiffs -                  - Defendants -
C - Anthony Olive    D - Donald Snyder; Michael Baker; Dwyane Clark; Cooper; Sandra Brown; Leora Harry; Roger Cowan; Eugene McAdory; Gary Knop; Tom Caraway; Oakley; Meyerhoff; Phoenix; Klint Sale; Lashbrook; Robert Gales; Mihn Scott; Tom Carter; Maue; B. Bravo
E - Court filed in - Southern District    F - Judge assigned - William D. Stiehl
G - Basic claim - due process    H - Disposition - N/A
I - Date of disposition - N/A

- case and docket number -
A - Anthony Olive vs. Harold Schuler; 06-729-JPG    B - Approximate date of filing - June 2006
C - plaintiff - Anthony Olive    D - Defendants - Roger Walker; Roy Bradford; Harold Schuler; Max Butler; Mark Brown; Angela Winsor; Rebecca Caraway; Candice Childers
E - Court filed in - Central district    F - Name of Judge - J.P. Gilbert
G - Basic claim - due process/retaliation    H - Disposition - N/A
I - Date of disposition - N/A

- case and docket number -    case no: N/A
A - Anthony Olive v. Stephen Wright; N/A    B - Approximate filing date - June 2007
B - plaintiff - Anthony Olive    D - Defendants - Stephen Wright; Michelle Pulley, N/A, N/A, N/A
E - Court filed in - Central District    F - Name of Judge - Harold Baker
G - Basic claim - retaliation    H - Disposition - N/A
I - Date of Disposition - N/A

- case and docket number -
A - Anthony Olive v. Gladyse Taylor; 11-c-50069    B - Approximate filing date - April 2011
- plaintiff - Anthony Olive    - Defendants - Gladyse Taylor; Brian Fairchild; Nedra Chandler; James Martens; Joanna Kemmeren; Jose Hernandez; Carole Oneal; Lieutenant Craft; Kostman; Gorman
E - Court filed in - Northern district    F - Name of Judge - Philip Reinhard
G - Basic claim - retaliation    H - Disposition - Pending
I - Date of disposition - Pending

V.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

-1- At or Around May 2011, plaintiff submitted a sick-call request to see a doctor for various mobility problems, as well as pain and suffering, associated with plaintiff's left knee.   -2- At or Around the end of May 2011, plaintiff was scheduled to have his left knee medically examined by P.A Colgan-Valdez.   -3- Defendant Colgan-Valdez was not at work on this particular day, Defendant Dominguez somehow filled in for Defendant Colgan-Valdez.   -4- At this medical examination, plaintiff informed defendant Dominguez of the pain, suffering, inability to walk or stand for long periods of time, climb, or place any pressure on plaintiff's left knee.   -5- Defendant Dominguez elected not to provide plaintiff any sort of adequate medical treatment to plaintiff's left knee.   -6- Defendant Dominguez elected to provide plaintiff motrins, After plaintiff notified Defendant Dominguez that plaintiff has recurring ulcers, and that such medication will only aggravate and worsen plaintiff's medical condition, Defendant Dominguez, knowing that prescribing plaintiff motrins will cause plaintiff additional pain and suffering, prescribed the motrins anyway.   -7- Defendant Dominguez decision to prescribe a medication that she knew would further harm plaintiff was a clear departure from accepted professional medical standards.   -8- At or Around mid-to-Late June 2011, plaintiff timely filed a grievance on defendant Colgan-Valdez for allowing defendant Dominguez to fill in for her [defendant Colgan-Valdez] and perform inadequate medical treatment in her [defendant Colgan-Valdez] behalf, such grievance sought nothing more than to receive adequate medical treatment-care for plaintiff's left knee.   -9- At or Around mid July 2011, plaintiff was re-scheduled and medically examined by defendant Colgan-Valdez, upon information and belief, defendant Colgan-Valdez immediately discontinued the motrins prescribed by defendant Dominguez, ordered physical Therapy, Bottom bunk permit, X-ray of the knee and 3 steriod shots to the knee within a twelve month period, but defendant Colgan-Valdez thereto denied plaintiff an MRI (which would've definitively revealed medical condition) and denied plaintiff a knee brace.   -10- plaintiff submits that defendant Colgan-Valdez knew but wouldn't disclose any diagnosis or source of plaintiff's knee pain, instead, defendant Colgan-Valdez deliberately prescribed a less and ineffective form of treatment knowing that plaintiff's medical condition would only worsen.   -11- At or Around Late July early August 2011 plaintiff received physical Therapy by defendant Trunink.   -12- During this first physical Therapy session was when defendant Trunink first informed plaintiff that such medical condition was known as a patella Disorder.   -13- Although the prescribed physical Therapy was obviously needed, Two weeks Later, defendant Colgan-Valdez and/or defendant Trunink prematurely ordered no further physical Therapy for plaintiff's knee. This was ordered without even examining plaintiff's knee, which resulted in swelling and

6

continued pain due to inadequate medical treatment and not properly healing.
-14- months later, plaintiff filed yet another timely grievance on the lack of and delayed medical treatment. -15- Plaintiff medical grievance was denied on the institutional level but physical therapy was mysteriously reinstated.
-16- After re-instatement of physical therapy, around the 5th or 6th physical therapy session, plaintiff inquired to defendant Trunink as to why was plaintiff's physical therapy prematurely discontinued, defendant Trunink stated that he's over booked with physical therapy patients and that the facility is understaffed to handle the amount of physical therapy which had been previously prescribed. -17- Two to three weeks later, plaintiff's physical therapy was yet again prematurely discontinued without an examination. -18- Plaintiff moved forward and appealed his medical grievance to IDOC's medical director, Louis Shicker. -19- Defendant Shicker thereafter reviewed, investigated and denied plaintiff grievance seeking adequate medical treatment.
-20- Through defendant Shicker, Dixon C.C. maintains other policies related to medical services which restricted plaintiff access to adequate medical treatment and/or care. -21- This routinely poor treatment by a medical Director of the entire IDOC is no surprise considering that defendant Shicker is employed by Wexford Health Sources Inc., for which IDOC contracts with, contains no enforceable standards governing the quality of care provided to prisoners such as plaintiff. -22- Plaintiff submits that upon first contact with defendant Colgan-Valdez and defendant Colgan-Valdez assessing plaintiff medical condition, that defendant Colgan-Valdez was required by policy to order a treatment plan. -23- Upon information and belief, as a cost and time cutting measure, defendant Colgan-Valdez didn't establish a treatment plan for plaintiff.
-24- If so, such treatment plan for plaintiff was not carried out or enforced by defendant Trunink or defendant Shicker through the grievance process.
-25- Defendant Colgan-Valdez never performed no follow-up treatment or anything for plaintiff. -26- Defendant Colgan-Valdez further denied or failed to ensure that plaintiff receive what was already prescribed, (physical therapy or steroid shots). The MRI, knee brace and surgery was denied.
-27- Defendant Colgan-Valdez and Shicker left plaintiff to endure pain and suffering to this very day. -28- Defendant Wexford has been notified countlessly through grievances and complaints concerning the deliberate actions or lack thereof concerning their employees providing adequate medical treatment to inmates such as plaintiff. Defendant Wexford simply refuses to change such policy or practice. -29- Upon information and belief, defendant Wexford is both required and entitled to relegate to their medical staff the provisions of good medical care. -30- Upon information and belief, defendant Wexford is responsible for creating treatment for inmates with patella disorders. -31- Upon information and belief, defendant Wexford has implemented a cost cutting policy that resulted in the failure of plaintiff receiving adequate medical care for a patella disorder. -32- Defendants Colgan-Valdez, Dominguez, Trunink, Shicker and Wexford are aware of the medical treatment for patella disorders, and are aware that the policies and procedures of IDOC/Wexford resulted in denial of such treatment for plaintiff.
-33- Defendants Colgan-Valdez, Dominguez, Trunink, Shicker and Wexford denied access to adequate medical care, and knowingly disregarded excessive risks to plaintiff's health and well-being by among other things, refusing to take corrective action, and allowing and condoning the actions of the health care unit in disregarding acceptable professional standards of medical care to plaintiff's medical condition. -34- Each of the above-described actions are contrary to defendants Colgan-Valdez, Dominguez, Trunink, Shicker and Wexford's individual duty to provide sound medical care necessary for treating and managing plaintiff's serious medical condition. Alternatively, defendants have failed to institute proper policies and procedures to ensure plaintiff receive sound medical care.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Provide immediate, adequate and effective treatment to knee. Provide any other relief the Court deems just and necessary. Provide compensatory and punitive damages in the amount of $60,000 each from each defendant separately for punitive and compensatory damages.

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 14 day of Feb, 20 12

_Anthony Olive_
(Signature of plaintiff or plaintiffs)

Anthony Olive
(Print name)

B45286
(I.D. Number)

2600 N. Brinton Ave
Dixon, Illinois 61021
(Address)

8

IN THE

United States District Court for the

Northern District of Illinois, Western Division

Anthony Olive
Plaintiff/Petitioner

Wexford Health Sources  Vs.
? Colgan-Valdez
? Dominguez
Mike Trunink
Louis Shicker
Defendant/Respondent

No. _____

## PROOF/CERTIFICATE OF SERVICE

TO: Office of the clerk of the U.S
District Court, United States Court House
211 South Court Street
Rockford, Illinois 61101

TO: _____

PLEASE TAKE NOTICE that on **February 14**, 20**12**, I placed the attached or enclosed documents in the institutional mail, listed below, at **Dixon** Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: complaint, appointment of counsel, forma pauperis

DATED: 2-14-12

/s/ Anthony Olive
Name: Anthony Olive
IDOC#: B45286
Address: 2600 N. Brinton Ave.
Dixon, Illinois 61021

Subscribed and sworn to before me this **14th** day of **Feb.**, 20**12**.

Notary Public Sally A. Joos

OFFICIAL SEAL
SALLY A. JOOS
Notary Public - State of Illinois
My Commission Expires Jul 12, 2012



This Correspondence Is From An Inmate Of The Illinois Dept Of Corrections

Anthony Olive B45286
2600 N. Brinton Ave.
Dixon, Illinois 61021

Legal mail

Clerk of court
United States District Court
northern District, western Division
211 South Court Street
Rockford, Illinois 61101